IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERIDIEN CORPORATION, a Delaware
corporation,

    **Plaintiff**

v.                        Case No.: 8:05cv1585-T23TGW

ANTISEPTICA U.S.A., LLC., a
  Michigan limited liability corporation,
and LAURA BURBA, an individual

    **Defendants.**

## COMPLAINT

### COUNT I
### Federal Trademark Infringement
### Registration No. 2186559

1. Plaintiff, VERIDIEN CORPORATION, is a corporation duly organized and existing under the laws of the State of Delaware, and has its principal place of business at 2875 MCI Drive, Pinellas Park, Florida 33872-6105.

2. Defendant, ANTISEPTICA U.S.A., LLC (ANTISEPTICA), is a limited liability corporation duly organized and existing under the laws, of the State of Michigan, and has its principal place of business at 6556 E. McNichols, Detroit, Michigan 48212.

3. Defendant, LAURIE BURBA (BURBA), is an individual residing at 715 Golden Beach Boulevard, Venice, Florida 34285.

4. Upon information and belief, Defendant BURBA is a dealer/distributor of products manufactured by or for and/or sold by Defendant ANTISEPTICA.

5. This action arises under the Federal Trademark Act (15 U.S.C. §§1051-1127), as hereinafter more fully appears, and jurisdiction is based upon 15 U.S.C.

§1121 and 28 U.S.C. §1338. The matter in controversy exceeds, exclusive of interest and costs, the sum of seventy-five thousand dollars.

6. Plaintiff and related companies had been and now are extensively engaged in the business of developing, manufacturing and marketing disinfectants and sunscreens, and since at least as early as November, 1997, have marketed an all purpose anti-viral surface disinfectant under the trademark **VIRAGUARD**.

7. Plaintiff's all purpose anti-viral surface disinfectant has been widely advertised and extensively offered under this mark throughout the United States, and the trademark **VIRAGUARD** has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products and its good will.

8. On September 1, 1998, the United States Patent and Trademark Office (USPTO) granted federal trademark registration to Plaintiff's related company, Rost, Inc., a wholly owned subsidiary, for the trademark **VIRAGUARD** for all purpose anti-viral surface disinfectant as Registration Number 2186559. A true copy of the registration is attached as Exhibit 1 hereto.

9. The registration is in full force and effect, is owned by Plaintiff, and has become incontestable under 15 U.S.C. §1065. Plaintiff uses the registration symbol ® on its goods and in advertising in association with **VIRAGUARD** as exemplified by Exhibit 2 hereto.

10. Notwithstanding Plaintiff's well-known and prior common law and statutory rights in the trademark **VIRAGUARD**, Defendants, with at least constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072, and long after Plaintiff established its rights in **VIRAGUARD**, adopted and used the trademark **VIRA-GARD** in interstate commerce for an anti-bacterial, anti-

fungal, anti-viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics as exemplified by Exhibit 3 hereto.

11. Defendants' use of **VIRA-GARD** constitutes trademark infringement of Plaintiff's trademark registration for **VIRAGUARD** and causes likelihood of confusion, deception, and mistake.

12. Defendants' acts of infringement of Plaintiff's registered trademark **VIRAGUARD** complained herein have been committed in the Middle District of Florida, within the jurisdiction of this Court.

13. Defendant ANTISEPTICA's has advertised the anti-bacterial, anti-fungal, anti-viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics under the **VIRA-GARD** trademark in Florida via the Internet, and has established Defendant BURBA as a dealer/distributor in Venice, Florida, who is offering such products to the public (Composite Exhibit 4 hereto).

14. Defendants have sold or offered for sale in Florida and in interstate commerce anti-bacterial, anti-fungal, anti-viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics under the trademark **VIRA-GARD**, thus creating likelihood of confusion, deception, and mistake. Defendants have thus engaged in the transaction of business and the commission of tortious acts in Florida.

15. Defendants' use in commerce of the designation **VIRA-GARD** in the marketing of anti-bacterial, anti-fungal, anti-viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics is an infringement of Plaintiff's registered trademark **VIRAGUARD**, in violation of 15 U.S.C. §1114(1).

16. Moreover, on March 12, 2004, Defendant ANTISEPTICA U.S.A. filed an application for registration of the mark **VIRA-GARD** in the USPTO, Serial Number 78383250 for use in association with anti-bacterial, anti-fungal, anti-

viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics (Exhibit 5 hereto).

17. On September 25, 2004, the USPTO refused the application citing likelihood of confusion with Plaintiff's registration for **VIRAGUARD** (Exhibit 6 hereto).

18. Defendant ANTISEPTICA U.S.A. filed a Response to the USPTO's rejection on March 25, 2005 (Exhibit 7 hereto).

19. On May 27, 2005, the USPTO issued an final office action refusing Defendant ANTISEPTICA U.S.A.'s application for **VIRA-GARD**, again citing likelihood of confusion with Plaintiff's registered mark **VIRAGUARD** (Exhibit 8 hereto).

## COUNT II
### Federal Trademark Infringement
### Registration No. 2429809

20. As its second ground for relief, Plaintiff repeats and realleges paragraphs 1 through 5, 13, 14, 16 and 18 of Count I herein.

21. Plaintiff and related companies have been and now are extensively engaged in the business of developing, manufacturing and marketing disinfectants and sunscreens, and since at least as early as June 21, 1999, has marketed an all purpose anti-viral surface disinfectant under the trademark **VIRAGUARD And Design**.

22. Plaintiff's all purpose anti-viral surface disinfectant has been widely advertised and extensively offered under this mark throughout the United States, and the trademark **VIRAGUARD And Design** has become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Plaintiff, its quality products and its good will.

23. On February 20, 2001, the USPTO granted federal trademark registration to Plaintiff for the trademark **VIRAGUARD And Design** for all purpose anti-

viral surface disinfectant as Registration Number 2429809. A true copy of said registration is attached hereto and made a part hereof as Plaintiff's Exhibit 9.

24. The registration is in full force and effect, is owned by Plaintiff. Plaintiff uses the registration symbol ® on its goods and in advertising in association with **VIRAGUARD And Design** as exemplified by Exhibit 10 hereto.

25. Notwithstanding Plaintiff's well-known and prior common law and statutory rights in the trademark **VIRAGUARD And Design**, Defendants, with at least constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072, and long after Plaintiff established its rights in **VIRAGUARD And Design**, adopted and used the trademark **VIRA-GARD** in interstate commerce for an anti-bacterial, anti-fungal, anti-viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics as exemplified by Exhibit 3 hereto.

26. Defendants' use of **VIRA-GARD** constitutes trademark infringement of Plaintiff's registered trademark **VIRAGUARD And Design** and causes likelihood of confusion, deception, and mistake.

27. Defendants' acts of infringement of Plaintiff's registered trademark **VIRAGUARD and Design** complained herein have been committed in the Middle District of Florida, within the jurisdiction of this Court.

28. Defendants' use in commerce of the designation **VIRA-GARD** in the marketing of anti-bacterial, anti-fungal, anti-viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics is an infringement of Plaintiff's registered trademark **VIRAGUARD And Design**, in violation of 15 U.S.C. §1114(1).

29. On September 25, 2004, the USPTO refused the application citing likelihood of confusion with Plaintiff's registration for **VIRAGUARD And Design** (Exhibit 6 hereto).

30. On May 27, 2005, the USPTO issued an final office action refusing Defendant ANTISEPTICA U.S.A.'s application for **VIRA-GARD**, again citing likelihood of confusion with Plaintiff's registered mark **VIRAGUARD And Design** (Exhibit 8 hereto).

## COUNT III
## Federal Unfair Competition

31. As its third ground for relief, Plaintiff repeats and realleges paragraphs 1 through 19 of Count I and paragraphs 21 through 30 of Count II herein.

32. Plaintiff's trademarks **VIRAGUARD** and **VIRAGARD And Design** uniquely associated with and hence identify Plaintiff. Defendants' interstate use of the designation **VIRA-GARD** is a use of a false designation of origin, or a false representation, wrongfully and falsely designates Defendants' products as originating from or connected with Plaintiff, and constitutes utilizing false descriptions, or representations in interstate commerce.

33. Defendants' acts are in violation of 15 U.S.C. Section 1125(a).

## COUNT IV
## Common Law Unfair Competition

34. As its fourth ground for relief, Plaintiff repeats and realleges paragraphs 1 through 19 of Count I and paragraphs 21 through 30 of Count II herein.

35. By virtue of Defendants' acts, hereinabove pleaded, Defendants have engaged in unfair competition with Plaintiff.

6

### COUNT V
### Violation of the Florida Deceptive And Unfair Trade Practices Act

36. As its fifth ground for relief, Plaintiff repeats and realleges paragraphs 1 through 19 of Count I, paragraphs 21 through 30 of Count II, paragraph 32 of Count III, and paragraph 35 of Count IV herein.

37. The aforesaid acts of Defendants were made in trade or commerce and constitute unfair methods of competition, unconscionable acts and practices, and unfair and deceptive trade practices within the meaning of Fla. Stat. Ch. 501.201-213, and have caused and will continue to cause irreparable and substantial damage to Plaintiff as a competitor to Defendants, and have resulted and will continue to result in Defendants being unjustly enriched and unlawfully deriving profits and gains.

**WHEREFORE**, Plaintiff demands:

1. That Defendants, officers, agents, servants, employees, and attorneys and all those persons in active concert or participation with Defendants be forthwith preliminarily and thereafter permanently enjoined and restrained from:

    a. Using the trademark **VIRA-GARD, VIRAGUARD** or any confusingly similar designation alone or in combination with other words, as a trademark, trade name component or otherwise, to market, advertise or identify Defendants' anti-bacterial, anti-fungal, anti-viral, and anti-microbial disinfectants, germicides, sanitizers, and antiseptics or related products;

    b. Otherwise infringing Plaintiff's marks;

    c. Unfairly competing with Plaintiff in any manner whatsoever; and

    d. Causing likelihood of confusion, injury to business reputation, or dilution of the distinctiveness of Plaintiff's symbols, labels, or forms of advertisement.

    e. From engaging in unfair methods of competition, unconscionable acts and practices in the conduct in connection with the marketing, sale and

      distribution of Defendants' products, or in any other of Defendants' commercial activities.

2. That Defendants be directed to file with this Court and serve on Plaintiff within thirty days after the service of an injunction, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction.

3. That Defendants be required to deliver up and destroy all devices, literature, advertising and other material bearing the infringing designation.

4. That Plaintiff be awarded Defendants' profits resulting from Defendants' infringement of Plaintiff's marks **VIRAGUARD** and **VIRAGUARD And Design** and unfairly competing.

5. That Plaintiff be awarded monetary losses resulting from Defendants' infringement and unfairly competing.

6. That Plaintiff be awarded prejudgment interest resulting from Defendants' infringement and unfairly competing.

7. That Plaintiff recover reasonable attorneys fees and costs incurred in this action.

8. That Plaintiff be awarded treble damages for Defendants' willful infringement of Plaintiff's marks **VIRAGUARD** and **VIRAGUARD And Design**

9. That Plaintiff have such other and further relief as the Court may deem just.

Respectfully submitted,

_____
Arthur W. Fisher, III
Florida Bar No: 133689
Arthur W. Fisher, III P.A.
5553 W Waters Avenue, Ste 316
Tampa, Florida 33634
Phone:   (813) 885-2006
Fax:   (813) 888-6275
weese_fisher@msn.com
*Attorney for Plaintiff*